# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**HENRY J. LAFAVORS,**

 **Plaintiff,**

**vs.**         **Case No. 4:12cv30-RH/CAS**

**DR. SCOTT THAYER,**

 **Defendant.**

_____/

## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff has filed a motion requesting the appointment of counsel. Doc. 15.  Plaintiff has also filed a motion to amend, doc. 17, and Plaintiff simultaneously submitted a copy of the proposed third amended complaint, doc. 16, with his motion to amend.

The motion for appointment of counsel is denied.  Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner.  Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990).  Plaintiff has not demonstrated that these legal issues are either novel or complex and the motion is denied.

Plaintiff's motion for leave to amend, doc. 17, is granted.  Plaintiff's proposed third amended complaint, doc. 16, has been reviewed.  Plaintiff has named two John Doe Defendants as well as Dr. Dratler and C. Simcox.  Plaintiff has not presented facts which are sufficient to state a claim against Defendant Simcox.  That Defendant is a health care administrator and would not be in a position to overrule a physician's diagnosis or order for treatment.  Moreover, Plaintiff does not present a constitutional violation by claiming Sixcox did not "report" that Dr. Dratler was prescribing medication that Plaintiff believes was not effective.  Furthermore, Plaintiff fails to identify the date on which Simcox was involved or took any action regarding Plaintiff's health care.  Because Plaintiff's complaint fails to state a claim as to Simcox, this version of the complaint is insufficient.[1]

This is Plaintiff's second case concerning the issue of treatment for his nasal polyps.  Plaintiff was a prisoner within the Department of Corrections when he initially sought relief concerning these events, having filed case 4:08cv371, in August 2008.  That case was eventually dismissed because Plaintiff failed to exhaust administrative remedies concerning his claims.  Over the past four years, Plaintiff's complaints have varied considerably in this case and in the prior case, with different doctors and nurses being named as Defendants.  Plaintiff has incorrectly alleged involvement by people

---

[1] When Plaintiff was given leave to submit the third amended complaint, he was put on notice that his allegations against Simcox were insufficient because "it does not appear that Simcox sat in a position to overrule or control diagnoses and treatment plans prescribed by a physician."  Doc. 14.  Plaintiff has failed to provide allegations which reveal Simcox sat in a position to provide assistance and failed to do so.  There are no specific factual allegations which demonstrate when and how Plaintiff sought help from Simcox, what help he sought, or which describe the actions or omissions of Simcox.  Plaintiff was advised it was his final opportunity to submit a viable complaint.

who could not have been involved in the events at issue.  For example, Plaintiff named

Dr. Thayer as a Defendant in this case, claiming Thayer denied a request for surgery in

November 2010.  *See* doc. 4 at 4.  That allegation has been shown to have been

impossible considering Dr. Thayer passed away in October of 2009.  *See* doc. 9.

Plaintiff's claims have undergone a metamorphosis as Plaintiff has attempted to find a

person who could be named as a Defendant and held accountable for Plaintiff's health

care problems.  It is time to end this four-year long process.

Plaintiff's claim against Dr. Dratler amounts to nothing more than a disagreement

over the course of his medical treatment and, as such, it fails to state a claim under the

Eighth Amendment and well established case law.  Adams v. Poag, 61 F.3d 1537, 1545

(11th Cir. 1995) (noting "the question of whether governmental actors should have

employed additional diagnostic techniques or forms of treatment 'is a classic example of

a matter for medical judgment' and therefore not an appropriate basis for grounding

liability under the Eighth Amendment.").  "[T]he propriety of a certain course of medical

treatment is not a proper subject for review in a civil rights action." Enriquez v. Kearney,

694 F.Supp.2d 1282, 1296 n.13 (S.D. Fla. 2010); *see also* Estelle v. Gamble, 429 U.S.

97, 107, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) ("[T]he question whether ... additional

diagnostic techniques or forms of treatment is indicated is a classic example of a matter

for medical judgment."); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (noting

that "a simple difference in medical opinion" does not constitute deliberate indifference).

Even assuming Plaintiff has adequately alleged that his nasal polyps constitute a

"serious medical need," Plaintiff has not shown the violation of his Eighth Amendment

rights but only a disagreement with the treatment provided to him for his nasal polyps.

Plaintiff has stated that he suffered with "serious chronic large nasal polyps in [his] nasal and sinus passages."  Doc. 16.  Plaintiff was prescribed Flunisolide nasal spray, which Plaintiff contends caused burning and stinging and was not effective.  *Id.*  Plaintiff's complaint rests on his claim that he should have had surgery for his condition.  The complaint presents facts showing only Plaintiff's disagreement with the treatment provided and is insufficient.  "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation."  Waldrop, 871 F.2d at 1035, *citing* Hamm v. DeKalb Cnty., 774 F.2d 1567, 1575 (11th Cir. 1985), cert. denied 106 S.Ct. 1492 (1986); Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims.").

Plaintiff seeks to add two additional John Doe Defendants in this case for the denial of the request for surgery.  Plaintiff contends that the long duration of his "pain and suffering" with nasal polyps "establish" that these Defendants had knowledge of his needs and that each John Doe Defendant must have had a culpable state of mind. Doc. 16.  That is not a factual allegation but a legal conclusion and it is insufficient to state a claim.  Plaintiff's "facts" are nothing more than a disagreement between doctors as to the course of treatment, and Plaintiff's disagreement with the denial of the request for surgery.  *See* Enriquez, 694 F.Supp.2d at 1296, n.13, *citing, inter alia*, Alexander v. Federal Bureau of Prisons, 227 F.Supp.2d 657, 666-667 (E.D. Ky. 2002) (dismissing complaint, which amounted to difference of opinion between prisoner and health care providers concerning surgery for knee injury); Moraga v. Kaiser, 28 F.3d 107 (Table

Case), No. 93-16911, 1994 WL 247093 at *2 (9th Cir. June 8, 1994) (affirming summary judgment for prison doctors, even though reconstructive surgery had been twice recommended, and was still being delayed after 16 months); Taylor v. Dutton, 85 F.3d 632 (Table Case), No. 95-3964, 1996 WL 253856 at *2 (7th Cir. May 7, 1996) (where one physician recommended surgery, but two others subsequently did not share that recommendation, the mere differences of opinion between medical personnel did not give rise to an 8th Amendment violation; and to the extent that Taylor's claim was based on his own disagreement with medical staff about his medical treatment, the complaint did not amount to deliberate indifference); White v. Napoleon, 897 F.2d 103, 110 (3d Cir.1990) (If a plaintiff's disagreement with a doctor's professional judgment does not state a violation of the Eighth Amendment, then certainly no claim is stated when a doctor disagrees with the professional judgment of another doctor).  Plaintiff's claim must fall under Estelle as Plaintiff has only shown a difference in medical opinion and his own opinion concerning the need for surgery.

Plaintiff has had ample opportunity during the past four years to submit a complaint which sufficiently alleges an Eighth Amendment claim.  In the last Order entered, Plaintiff was advised that this would be his final opportunity to submit a viable complaint.  Doc. 14.  No further opportunities should be extended and it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's motion for the appointment of counsel, doc. 15, be **DENIED**.

2. Plaintiff's motion for leave to file a third amended complaint, doc. 17, is

**GRANTED**.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third

amended complaint, doc. 16, be **DISMISSED** for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting

this report and recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on September 11, 2012.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and
recommendations within 14 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 14 days
after being served with a copy thereof.  Failure to file specific objections limits the
scope of review of proposed factual findings and recommendations.**