IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENRY J. LAFAVORS,

    Plaintiff,

v.                                    CASE NO. 4:12cv30-RH/CAS

DR. SCOTT THAYER,

    Defendant.

_____/

## ORDER FOR FURTHER PROCEEDINGS

The plaintiff Hanry J. LaFavors was a prisoner in the Florida Department of Corrections. In the third amended complaint, Mr. LaFavors asserts that two unknown high-ranking Department officials overruled a medical doctor's recommendation for immediate surgery to remove nasal polyps. The third amended complaint asserts claims against the two unknown officials and also against two named defendants, "Dr. Dratler" and "C. Simcox."

The case is before the court on the magistrate judge's report and recommendation, ECF No. 18 and the objections, ECF No. 19. I have reviewed *de novo* the issues raised by the objections.

Mr. LaFavors apparently was released from custody before he filed this action. The requirement for screening the complaint, *see* 28 U.S.C. § 1915A, thus does not apply. *See*, *e.g.*, *Kane v. Lancaster Co. Dept. of Corr.*, 960 F. Supp. 219 (D. Neb. 1997). Nonetheless, when, as here, a plaintiff has exhausted the ability to amend as of right, a court can dismiss a complaint that fails to state a claim on which relief can be granted, so long as the plaintiff is given notice and an opportunity to respond. *See*, *e.g.*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007). A report and recommendation provides notice, and the right to file objections provides an opportunity to respond. The issue of whether the third amended complaint states a claim on which relief can be granted is properly before the court for a decision on the merits.

The report and recommendation correctly concludes that the third amended complaint fails to state a claim on which relief can be granted against Dr. Dratler or Mr. Simcox. But the third amended complaint would be sufficient to state a claim against the unknown officials if it identified them. Overruling a medical doctor's recommendation for surgery, without a reason, may violate the Eighth Amendment. That may or may not be what happened, but it is what the third amended complaint alleges.

This order authorizes Mr. LaFavors to conduct discovery to identify the unknown officials and to file a fourth amended complaint naming them. The order

Case No. 4:12cv30-RH/CAS

also sets the deadline.  The deadline will not be extended without a showing that Mr. LaFavors diligently attempted to identify the officials before the deadline.

One further issue deserves mention.  Mr. LaFavors has repeatedly asked for appointment of an attorney.  He may retain an attorney if he wishes, but one will not be appointed.  The case does not present novel legal issues or involve other circumstances that provide an unusually strong basis for appointing an attorney.  An attorney would not be appointed anyway, but the decision not to appoint one is further supported by the circumstances under which Mr. LaFavors' prior case asserting similar claims was dismissed.  That case was dismissed for failure to exhaust administrative remedies.  The order of dismissal noted that Mr. LaFavors had submitted fraudulent documents in support of his claim that he had in fact exhausted his administrative remedies.  *See LaFavors v. Mosely*, No. 4:08cv371-RH/WCS (N.D. Fla. May 26, 2011) (unpublished order).  Mr. LaFavors' attempt to commit fraud is an additional reason not to require an attorney to represent him on a related civil case.

For these reasons,

IT IS ORDERED:

1. Mr. LaFavors may conduct discovery to identify the unknown officials named as defendants in the third amended complaint.

Case No.  4:12cv30-RH/CAS

2. By January 8, 2013, Mr. LaFavors may file a fourth amended complaint naming the officials.

3. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on October 12, 2012.

s/Robert L. Hinkle<br>United States District Judge

Case No. 4:12cv30-RH/CAS