IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HENRY J. LAFAVORS,

    Plaintiff,

vs.                                        Case No. 4:12cv30-RH/CAS

DR. RONALD SOLORZANO, et al.,

    Defendants.

                                              /

## ORDER and REPORT AND RECOMMENDATION

The pro se Plaintiff was granted leave to file a fifth amended complaint in this case. Doc. 41. The Order granting Plaintiff leave was entered on March 7, 2013, doc. 41, and gave Plaintiff until April 1, 2013, in which to comply. On April 19, 2013, Plaintiff requested additional time in which to comply. Doc. 45. Because Plaintiff stated that the "Order was inadvertently delayed and [not] delivered" until April 11th, already after the deadline, *Id.,* Plaintiff's request for additional time was granted. Doc. 46.

Thereafter, Plaintiff filed a second request for additional time in which to submit a fifth amended complaint. Doc. 47. In that motion, Plaintiff stated that he only recently learned from Judge Hinkle's order, doc. 41, that there were probate requirements. Doc. 47. Plaintiff sought an additional 90 day extension of time so that he could inquire as to the probate requirements. *Id.* Noting that the prior order, doc. 41, stated that the

deadline would "not be extended absent extraordinary circumstances," and finding that Plaintiff's desire to research probate law did not provide such circumstances, Plaintiff's second motion for an extension of time was granted in part and denied in part. Doc. 49. Plaintiff was given until June 10, 2013, in which to file a fifth amended complaint and advised that no further extensions of time would be completed. *Id.*

On May 20, 2013, Plaintiff filed the fifth amended complaint. Doc. 50. On May 28th, Plaintiff filed a motion for reconsideration of the order denying in part his second motion for more time. Doc. 51. In this motion which is currently under consideration, Plaintiff requests that he be granted additional time because he just recently sent a "Civil Claim/Lien to the 4th Judicial Circuit to initiate the necessary probate proceeding needed" to pursue his claim against Dr. Thayer.[1] Doc. 51 at 4. Plaintiff again seeks a "90 day extension." *Id.*

At the outset, Plaintiff was given an extension of time to file the fifth amended complaint. Because Plaintiff has already filed the fifth amended complaint, doc. 50, the instant motion is denied as moot.

Moreover, it appears that Plaintiff misunderstood the Order in which he was given leave to name "Dr. Thayer or his estate as a defendant" in this case. Leave was provided *if* Plaintiff could "also allege that he ha[d] complied with the applicable requirements of Florida law." Doc. 41 at 4. Plaintiff, however, presumably believed that he was being given time in which *to comply* with probate requirements rather than to demonstrate that he had *already complied* with those requirements.

---

[1] Plaintiff advises that Dr. Thayer passed away on October 13, 2009, in Jacksonville, Florida. Doc. 51.

Case No. 4:12cv30-RH/CAS

Plaintiff has demonstrated in the instant motion, doc. 51, that he sent a request for a civil claim or lien against Thayer's estate at some unspecified date after May 13, 2013.[2] Doc. 51. The claim against Dr. Thayer cannot proceed because Dr. Thayer passed away on October 13, 2009, over three years ago. Pursuant to FLA. STAT. § 733.710(1), a claim cannot be brought against a decedent or his estate more than two years after the death of the decedent.[3] Because Plaintiff did not allege in the fifth amended complaint that he took any actions which would have complied with probate requirements such that Plaintiff could litigate his case against the estate, and because such a claim is now barred, the fifth amended complaint should be dismissed as to Dr. Thayer. Plaintiff may be granted leave to submit a sixth amended complaint against Dr. Solorzano if Plaintiff is able to allege in good faith that Dr. Solorzano's denial of the surgery request was a result of deliberate indifference.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion for reconsideration and a successive motion for an extension of time, doc. 51, is **DENIED as moot**.

---

[2] On May 13, 2013, Plaintiff was mailed a notice from the Leon County Clerk advising that his lien must be filed in the county where the estate is being probated. Doc. 51 at 10. Plaintiff appears to have then sent a request to Duval County, doc. 51 at 11-12, although the copy Plaintiff provided to this Court is not dated.

[3] That statute provides: "Notwithstanding any other provision of the code, 2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent, whether or not letters of administration have been issued, except as provided in this section." FLA. STAT. § 733.710 (2012).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's fifth amended complaint, doc. 50, be **DISMISSED** for failure to state a claim as to Defendant Dr. Thayer because any such claim is barred by the statute of limitations, but that Plaintiff be provided twenty days in which to submit a sixth amended complaint limited to his Eighth Amendment claim against Dr. Solorzano.

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2013.

  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**