**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**HENRY J. LAFAVORS,**

     **Plaintiff,**

**vs.**                            **Case No. 4:12cv30-RH/CAS**

**DR. RONALD SOLORZANO,**

     **Defendant.**

                                 **/**


## REPORT AND RECOMMENDATION

On August 25, 2014, Defendant Solorzano filed a motion for sanctions against the pro se Plaintiff for failing to attend his deposition and, thus, thwarting discovery. Doc. 80.[1]  The motion also requests that Plaintiff be required to show cause why this case should not be dismissed.  *Id.*  Plaintiff was required to respond to Defendants' motion and show good cause why sanctions should not be imposed against him for hindering discovery by failing to attend his deposition and not giving notice to opposing counsel.  Doc. 83.  Plaintiff's response was timely filed, doc. 84, and has been considered.

_____

[1] The motion is supported by the filing of the invoice for the court reporter.  Doc. 82.

**Defendant's motion, doc. 80**

Defendant sent Plaintiff a notice of taking video deposition through certified mail.

Doc. 80.  Defendant received a signed receipt revealing Plaintiff received the notice.  *Id.*

The deposition was scheduled for Thursday, August 14, 2014, at 2:00 p.m. to allow

travel time for Plaintiff, and the notice was mailed to Plaintiff three weeks in advance.

Because Plaintiff had not communicated with opposing counsel to confirm that he would

attend the deposition, counsel made efforts[2] to obtain a telephone number to speak with

Plaintiff.  Plaintiff's wife answered the telephone and counsel left a message for Plaintiff

to return the call and confirm he would attend the deposition.  Plaintiff neither returned

the telephone call nor attended his deposition.  Moreover, Plaintiff did not contact

counsel after the fact in an effort to reschedule the deposition.  Defendant incurred

$294.35 in costs because of Plaintiff's failure to attend the deposition without giving

notice to opposing counsel.

**Plaintiff's response, doc. 84**

Plaintiff acknowledges that the "Defendant did not hear from the Plaintiff

regarding whether the Plaintiff had intended to participate in [the] deposition."  Doc. 84

at 2.  However, Plaintiff contends that he tried to contact Ms. Simcox, counsel for

Defendant, twice on August 4, 2014, "but the line [was] busy each time."  *Id.*  Plaintiff

advises that the purpose for the call "was to request a telephonic deposition at the

Defendant's expense."  *Id.*

---

[2] Those efforts included contacting Plaintiff's probation officer who "conveyed that
Plaintiff had not contacted the probation office to obtain permission to leave Broward
County to attend the deposition in Leon County."  Doc. 80 at 3.  The probation officer
provided a telephone number for counsel to reach Plaintiff.

Plaintiff's response indicates that he did not request permission from his probation officer to travel to Tallahassee for his deposition because he could not pay for the trip, which he surmises "would easily cost $300.00 - $500.00."  *Id.*  Plaintiff contends that Defendant *could* have checked Plaintiff's status and made arrangements for a telephonic interview which Plaintiff asserts "would have been more appropriate for the Plaintiff considering his situation."  *Id.* at 2-3.

As for the telephone call which counsel made to Plaintiff and left a message with Plaintiff's wife for Plaintiff to return the call, Plaintiff contends that counsel did not "call back to find out whether the message was related to the Plaintiff or, if the Plaintiff was now available."  *Id.* at 3.  Plaintiff states that he did not receive the message from his wife and argues again that Defendant's counsel "did not call back in that it was only a telephone call away."  *Id.*  Further, Plaintiff points out that counsel did not try to locate Plaintiff on the day of the deposition, but had a telephone call been made "on [that] day the Plaintiff would have answered and responded appropriately."  *Id.*  Plaintiff contends "Defendant failed to show a genuine effort to contact the Plaintiff . . . ."  *Id.*  Plaintiff admits that he "has not made contact with the Defendant to date."  *Id.*  However, he states in his response that he "will attempt to make contact with Ms. Simcox for rescheduling the deposition on the date" he submits his response.  *Id.*

Plaintiff reasserts that he is indigent and requests "to be excused from all [sanctions] in this proceeding at least at this point."  *Id.* at 3-4.  He states that he has no objection to giving a telephonic deposition and asks that he be excused from giving a deposition or permit him to do so.  *Id.* at 4.

**Analysis**

Rule 37(d) of the Federal Rules of Civil Procedure provides that sanctions may
be imposed if a party "fails, after being served with proper notice, to appear for that
person's deposition." FED. R. CIV. P. 37(d)(a)(A)(i).  Permissible sanctions include
dismissing the action or proceeding, as well as payment of the party's reasonable
expenses, including attorney's fees.  FED. R. CIV. P. 37(d)(3).  However, a motion for
sanctions "must include a certification that the movant has in good faith conferred or
attempted to confer with the party failing to act in an effort to obtain the answer or
response." FED. R. CIV. P. 37(d)(1)(B).  It is undisputed that Plaintiff received a timely
notice of his scheduled deposition.  Plaintiff was then obligated to communicate with
Defendant's counsel if he was unable to attend, but he failed to do so and has shown no
good cause for that failure.  Defendant was not obligated to make efforts to ensure
Plaintiff's compliance with the deposition notice, and his arguments that Defendant
should have done more to reach him are frivolous.  It was unacceptable that Plaintiff did
not alert opposing counsel ahead of time that he could not afford to make the trip to
Tallahassee.  Yet dismissal is a severe sanction, usually reserved for wilful failures or
bad fath.  This case has not yet crossed that line, although it is perilously close.  To be
clear, Plaintiff should be sanctioned for his failure to contact opposing counsel in time to
cancel the deposition, but dismissal does not appear appropriate.[3]

Plaintiff should be required to reimburse opposing counsel the $44.10 for the
court reporter, $82.00 for counsels' time at the deposition, and $4.25 for the cost of the

---

[3] It is also not appropriate because Defendant's motion does not contain the
required certification that counsel conferred with Plaintiff.  FED. R. CIV. P. 37(d)(1)(B);
N.D. Fla. Loc. R. 7.1(B)

certificate of Plaintiff's non-appearance.  *See* doc. 80 at 4.  In light of Plaintiff's

expressed financial limitations, the cost of preparing the motion for sanctions ($164.00)

should not be imposed as it is doubtful that Plaintiff could make that entire payment.

Plaintiff should be required to submit $130.35 to counsel for Defendant within 30 days of

the date this Report and Recommendation is adopted.

As additional information to Plaintiff, the local rules of this Court provide that "the

deposition of a non-resident plaintiff may be taken at least once in this district."  N.D.

Fla. Loc. R. 26.2(C)(2).  Plaintiff's request to have only a telephonic deposition should

be denied and Plaintiff required to travel to either Tallahassee or Gainesville, wherever

the cost would be the least, to sit for his deposition.

Furthermore, in light of the need for Defendant to take Plaintiff's deposition, it is

contemplated that discovery will need to be extended.  A new discovery deadline will not

be established until after resolution of this Report and Recommendation and, if ordered,

Plaintiff's payment of the sanction.  Plaintiff is cautioned that further failures to complete

discovery, including not submitting for a second scheduled deposition, may result in the

dismissal of this action.  Plaintiff must take affirmative action to contact opposing

counsel should he encounter further problems.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's

motion for dismissal, doc. 80, be **DENIED**, but the motion for sanctions, doc. 80, be

**GRANTED in part**.  Plaintiff should be required to submit a total of $130.35 to counsel

for Defendant within 30 days of the date this Report and Recommendation is adopted.

It is further **RECOMMENDED** that this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 18, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**