# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HENRY J. LAFAVORS,**

    **Plaintiff,**

**vs.**                                                                 **Case No. 4:12cv30-RH/CAS**

**DR. RONALD SOLORZANO,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    Defendant Solorzano has filed a notice, advising that Plaintiff failed to comply with the prior Order.  Doc. 94.  Previously, Defendant's motion for sanctions, doc. 80, was granted in part against Plaintiff because he failed to attend his deposition, made no effort to contact opposing counsel to advise that he could not attend, and he hindered discovery.  Docs. 85, 87.  Defendant sought dismissal of this case because of Plaintiff's actions, but alternatively requested that Plaintiff be required to attend a rescheduled deposition and be required to pay costs as a sanction.  Doc. 80 at 4-5.

    Finding sanctions were warranted but dismissal was severe, Defendant's request was granted in part.  Plaintiff was required to attend a second deposition and pay a sanction of $130.35 to Defendant's counsel, considerably less than the $294.35

requested in the motion for sanctions. Docs. 85, 87. Plaintiff was directed to pay the sanction by December 17, 2014. Doc. 88. The Order required Plaintiff to file a notice when he complied with the Order and, in the alternative, directed Defendant to immediately inform the Court if Plaintiff did not pay the sanction. *Id.* The parties were required to coordinate a new date for conducting Plaintiff's deposition, and a January 20, 2015, deadline was established to complete discovery. *Id.*

On December 29, 2014, Defendant advised that Plaintiff had not paid the $130.35 sanction. Doc. 89. An Order was entered the following day and, as a courtesy to Plaintiff, he was given additional time in which to submit payment. Doc. 90. Plaintiff was required to pay the sanction by January 20, 2015, when discovery (including the rescheduled deposition) was to be completed. *Id.* Plaintiff was informed that "further opportunities to comply [would] not be extended." *Id.* at 2.

A motion for extension of time was then filed by Defendant on January 23, 2015. Doc. 91. Defendant advises that Plaintiff was unable to attend his rescheduled deposition due to car trouble, but the parties agreed to once again reschedule the deposition for Tuesday, February 9, 2015. *Id.* As that date was outside the previously established deadline, Defendant's motion for an extension of the discovery period, doc. 91, was granted. Doc. 92. The Order was clear. Plaintiff must attend his deposition, and he must "simultaneously provide a check or money order to pay the assessed sanction by" February 9, 2015. *Id.* Once again, Plaintiff was required to "file a notice with the Court advising when he has paid the assessed $130.35 sanction." *Id.* Defendant was directed to "file an appropriate notice or motion within three days" if Plaintiff did not comply. *Id.*

Case No. 4:12cv30-RH/CAS

Defendant's notice, doc. 94, was filed on February 24, 2015, advising of Plaintiff's noncompliance. Defendant reports that Plaintiff attended his deposition on February 9, 2015. *Id.* However, Plaintiff submitted a money order for only $35.00. *Id.* Defendant points out that Plaintiff reviewed Defendant's document production on February 13, 2015, a date which was outside the discovery period, and requested photocopies be made of some of the produced records. Doc. 94 at 2. Plaintiff requested 229 pages which would require payment of $34.35. Doc. 94, Ex. A. Defendant contends that by requesting the copies, "Plaintiff purports to have additional monies that could be applied toward his court-ordered sanction." *Id.*

Plaintiff has not complied with the sanction imposed, a fact made clear by Defendant and confirmed by Plaintiff's noncompliance in failing to file his notice of compliance as required. Docs. 88, 90, and 92. Throughout this litigation, Plaintiff has been provided numerous opportunities to litigate this case. Plaintiff was permitted to submit an eighth amended complaint, doc. 60, a number which is extraordinarily high. In the process, Plaintiff faced dismissal a number of times. Docs. 18, 20, 32, 38, 41, 52, 57, and 59. Yet Plaintiff was permitted to proceed. Then, Plaintiff's case could have been dismissed pursuant to FED. R. CIV. P. 37(b)(A)(v) for thwarting discovery, but he was provided yet another opportunity to proceed. In the time since Plaintiff was directed to pay the sanction, docs. 87-88, Plaintiff has not filed a single document advising this Court of any limitation in paying the sanction, expressing his financial difficulties, or requesting an enlargement of time. Indeed, Plaintiff has filed nothing since September 15, 2014, when he filed his opposition to Defendant's motion for sanctions. Doc. 84.

Plaintiff has been sufficiently warned that he must comply with the Order imposing sanctions.  In the Order entered by District Judge Robert Hinkle, Plaintiff was informed that failing to pay the $130,35 sanction "may result in dismissal of this case."  Doc. 87.  Another Order was entered setting December 17, 2014, as Plaintiff's deadline to pay the sanction.  Doc. 88.  Plaintiff was again informed that if he did "not submit payment by that deadline, this case may be dismissed."  *Id.* at 1.  Plaintiff did not submit payment, *see* doc. 89, but was provided another opportunity to comply and pay the sanction.  Doc. 90 at 1.  Plaintiff's deadline for compliance was extended and he was informed that if he failed to comply, it would "result in a recommendation of dismissal of this action."  *Id.* at 2.  Defendant thereafter filed a motion essentially on Plaintiff's behalf requesting an extension of time, doc. 91, and advising that Plaintiff had car trouble and could not attend his rescheduled deposition.  Plaintiff was given yet another opportunity to comply and continue this case.  Doc. 92.  Plaintiff was again advised that "if he again fails to attend his deposition, additional sanctions will be imposed which could include a recommendation of dismissal of this case."  *Id.* at 2.

Plaintiff has had ample opportunity to pay the sanction.  The Report and Recommendation, doc. 85, was entered on September 18, 2014, recommending Plaintiff pay $130.35 "within 30 days of the date this Report and Recommendation is adopted."  *Id.* at 5-6.  Judge Hinkle's Order adopting the Report and Recommendation was entered on November 17, 2014, giving Plaintiff until December 17, 2014, to pay the sanction.  Doc. 87.  Plaintiff has had sufficient time to comply.  He has been warned sufficiently about the potential penalty for his noncompliance.  Plaintiff has sat silently before this Court since September 2014, never requesting additional time or

demonstrating why he has been unable to comply with court orders.  This case should now be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's eighth amended complaint, doc. 60, be **DISMISSED** for failure to comply with court orders, and failure to pay the sanction imposed in this case pursuant to Fed. R. Civ. P. 37.

**IN CHAMBERS** at Tallahassee, Florida, on February 25, 2015.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**