# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

HENRY J. LAFAVORS,

      Plaintiff,

v.                               CASE NO.  4:12cv30-RH/CAS

DR. RONALD SOLORZANO,

      Defendant.

_____/

## ORDER OF DISMISSAL

      The plaintiff willfully failed to appear for his duly scheduled deposition.  A very modest sanction was imposed: the plaintiff was ordered to pay $130.35 for actual costs incurred by the defendant because of the plaintiff's willful violation of the rules.  The plaintiff also was ordered to appear for a deposition.  The plaintiff again failed to appear, this time because of car trouble.  The defendant accommodated the nonappearance and rescheduled the deposition.  Eventually the plaintiff appeared.  The plaintiff did not, however, pay the $130.35 sanction for the first failure to appear.  After repeated extensions of time, the plaintiff still has not paid the sanction.  Nor has he shown an inability to pay.

The case is before the court on the magistrate judge's report and recommendation, ECF No. 95, which concludes that the case should be dismissed. No objections have been filed, and the deadline for filing objections has passed.

The plaintiff has been repeatedly warned that failing to comply with the order to pay could result in dismissal of the case.  Even in response to the report and recommendation, the plaintiff has neither paid nor shown that he is unable to pay.  I find that no sanction short of dismissal will be sufficient to bring about the plaintiff's compliance.  The plaintiff caused the defendant to incur costs in this amount, was properly ordered to pay this amount, and has flouted the order.  At some point a litigant must be held to account for willful failure to comply with the rules and court orders.

It bears noting, too, that an earlier case arising from the same facts was dismissed for failure to exhaust administrative remedies.  In that case the plaintiff submitted fraudulent documents purporting to show exhaustion.  *See LaFavors v. McNeil*, No. 4:08cv371-RH/WCS (N.D. Fla. May 26, 2011) (unpublished order). A copy of the order dismissing that case is attached to this order.  This new case would be dismissed for failure to pay the sanction as ordered, without regard to the submission of fraudulent documents in the earlier case, but the plaintiff's conduct in the earlier case provides further support for the conclusion that no sanction short

of dismissal will be sufficient to bring about the plaintiff's compliance with the rules and court orders.

This order directs the entry of judgment ending the case. The judgment dismisses not only the claims against the current defendant, Dr. Ronald Solorzano, but also the claims against other defendants that were dismissed by prior orders. See ECF Nos. 20, 41, 57. No judgment was entered on those claims under Federal Rule of Civil Procedure 54(b). Those dismissals were on the merits and thus are with prejudice. The dismissal of the claims against Dr. Solorzano also should be with prejudice—and a dismissal without prejudice would have the same effect, because the statute of limitations expired long ago.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

1.     The report and recommendation is ACCEPTED and adopted as the court's further opinion.

2.     The clerk must enter a judgment stating, "The plaintiff Henry J. LaFavors's claims against all defendants are dismissed with prejudice."

3.     The clerk must close the file.

SO ORDERED on March 17, 2015.

s/Robert L. Hinkle_____
United States District Judge